IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARISSA HOGAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 11-961-GPM ) |
| CHRIS L. SMITH and CITY OF CAIRO, ILLINOIS, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to dismiss for failure to state a claim upon which relief can be granted brought by Defendants Chris L. Smith and City of Cairo, Illinois ("Cairo") (Doc. 9). The facts of this case, taken from the complaint of Plaintiff Marissa Hogan, are as follows. On December 5, 2010, at approximately 10:00 a.m., an officer with the Mounds Police Department in Mounds, Illinois, radioed dispatch for Pulaski County, Illinois, for emergency help in pursuing a possible drunk driver in a silver KIA automobile, at a location just north of the 5.5 mile-marker on Interstate 57, traveling southbound at approximately 120 miles per hour. Following the Mounds Police Department's call for assistance, Pulaski County Sheriff's Deputy Gulley brought his vehicle in behind the Mounds Police Department vehicle in pursuit of the silver KIA vehicle at mile-marker 5.5 on southbound Interstate 57. A second Pulaski County Deputy, Dintelman, was waiting at mile-marker 5 on southbound Interstate 57, and began traveling south on the east side of construction barrels behind the silver KIA automobile. At 10:04 a.m. on December 5, 2010, the Cairo Police Department logged its first notification of the police chase occurring on Interstate 57

at approximately mile-marker 6.  At approximately 10:08 a.m. on December 5, 2010, the silver KIA automobile, with two Pulaski County Sheriff's deputies and a Mounds Police officer in pursuit, crossed the bridge on Interstate 57 into the State of Missouri.

The intersection of Illinois Route 37 and U.S. Route 51 is a "T" intersection, where Route 37 terminates, and is outside of Cairo and outside the jurisdictional limits of the Cairo Police Department.  At all relevant times, the posted speed limit on U.S. Route 51 was forty-five miles per hour.  The intersection of Illinois Route 37 and U.S. Route 51 is and was controlled by traffic signals governing the movement of traffic in all directions.  On December 5, 2010, shortly after 10:00 a.m., Ruben Trent Anderson drove a 1995 Toyota Camry southbound on Illinois Route 37, just north of the intersection of Illinois Route 37 with U.S. Route 51, in Alexander County, Illinois. Marissa Hogan rode as a back-seat passenger in the vehicle operated by Anderson.  As Anderson's vehicle approached the intersection of Illinois Route 37 with U.S. Route 51, the traffic signal governing movement of southbound vehicles on Route 37 was red.  Anderson brought his 1995 Toyota Camry to a stop at the traffic signal governing southbound traffic on Illinois Route 37.  After Anderson had fully stopped the 1995 Toyota Camry, the traffic signal governing southbound traffic on Illinois Route 37 changed to green.  After the traffic signal governing the traffic on southbound Illinois Route 37 changed to green, Anderson's vehicle proceeded into the intersection. Chris L. Smith, a policeman with the Cairo Police Department, drove a 2007 Ford Crown Victoria police cruiser owned by Cairo north on U.S. Route 51, just south of the intersection with Illinois Route 37, at a speed in excess of seventy-eight miles per hour.  Smith's vehicle collided with Anderson's vehicle, resulting in personal injuries to Hogan.  Hogan's complaint against Smith and Cairo contains the following claims:  negligence against Smith (Count I); willful and wanton conduct

against Smith (Count II); negligence against Cairo, based on respondeat superior (Count III); willful and wanton conduct against Cairo, based on respondeat superior (Count IV); and negligent training and supervision of Smith against Cairo (Count V). Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] Smith and Cairo have moved for dismissal of Hogan's claims on the grounds that the claims are barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101 *et seq*. The motion to dismiss has been fully briefed, and the Court rules as follows.

As an initial matter, the Court notes the standard under which it must evaluate the instant motion to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Payne v. Schneider Nat'l Carriers, Inc.*, Civil No. 09-559-GPM, 2010 WL 685819, at *1 (S.D. Ill. Feb. 22, 2010). A complaint should not be dismissed unless it either

---

1. Hogan is a Missouri citizen, while Smith and Cairo, a municipal corporation organized under Illinois law, are Illinois citizens. *See* 28 U.S.C. § 1332(a)(1); *Port of Seattle v. Oregon & Wash. R.R. Co.*, 255 U.S. 56, 71 (1921) (for purposes of federal diversity jurisdiction, a municipal corporation is deemed to be a citizen of the state under the law of which it is organized). Hogan alleges that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl.*, 550 U.S. at 555) (brackets, citations, and internal punctuation omitted). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As a federal court sitting in diversity jurisdiction, this Court is required to apply the substantive law of Illinois in ths case, including the Tort Immunity Act. *See Remet Corp. v. City of Chicago*, 509 F.3d 816, 817 & n.1 (7th Cir. 2007); *Danrich v. Ettling*, No. 09-CV-0176-MJR-DGW, 2010 WL 1707115, at **3-4 (S.D. Ill. Apr. 27, 2010). The Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Additionally, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Some question has arisen among Illinois courts as to whether the proper standard of care in a case involving tort liability of a municipality arising out of a high-speed chase by a municipal police officer is the

standard of reasonable care set out in a provision of the Illinois Vehicle Code, 625 ILCS 5/11-205(e), or the standard of willful and wanton misconduct set out in the Tort Immunity Act. However, most courts have determined that the proper standard for determining the liability of police officers engaged in a high-speed chase is willful and wanton misconduct, not ordinary negligence. *See, e.g., Lanning v. Harris*, 796 N.E.2d 667, 668-69 (Ill. App. Ct. 2003); *Young v. Forgas*, 720 N.E.2d 360, 364-65 (Ill. App. Ct. 1999); *Sanders v. City of Chicago*, 714 N.E.2d 547, 552-53 (Ill. App. Ct. 1999); *Carter v. Du Page County Sheriff*, 710 N.E.2d 1263, 1267-68 (Ill. App. Ct. 1999); *Morton v. City of Chicago*, 676 N.E.2d 985, 991-92 (Ill. App. Ct. 1997); *Nelson v. Thomas*, 668 N.E.2d 1109, 1116-17 (Ill. App. Ct. 1996). Given that, under the Tort Immunity Act, public employees can be liable only for willful and wanton conduct, not negligence, Hogan's claim against Smith for negligence is due to be dismissed. Similarly, because Smith cannot be liable to Hogan for negligence, Cairo cannot be vicariously liable to Hogan for Smith's negligence. Therefore, Count I and Count III of Hogan's complaint will be dismissed. However, the Court concludes that Count II and Count IV of Hogan's complaint, which, as noted, allege willful and wanton conduct on the part of Smith and Cairo's vicarious liability for Smith's willful and wanton conduct, respectively, withstand scrutiny under Rule 12(b)(6). Whether the conduct alleged by Hogan against Smith in Count II and Count IV of Hogan's complaint rises to the level of willful and wanton conduct is a matter that can be addressed at a later stage of this case, on a more fully developed record.[2]

---

2. To the extent Hogan suggests that Smith was not engaged in police work at the time of the accident giving rise to this case because he joined the chase that resulted in the accident voluntarily and without orders, the Court does not agree. There is no serious question that Smith was on duty and engaged in the execution or enforcement of state laws against drunk driving when the accident occurred.

The Court turns to Count V of Hogan's complaint, which, as noted, alleges negligent training and supervision of Smith by Cairo. Pursuant to the Tort Immunity Act, "a public employee serving in a position involving determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. Section 2-201 bars a plaintiff's claim if the action leading to the plaintiff's injury involved both a policy decision and a discretionary act. *See Harineck v. 161 North Clark St. Ltd. P'ship*, 692 N.E.2d 1177, 1181 (Ill. 1998). A policy decision is one that requires the public employee to balance competing interests and make a judgment call as to which course of action will best serve those interests. *See Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 281-82 (Ill. 2003). A discretionary act is one that is unique to a particular public office and performed with a degree of flexibility. *See Snyder v. Curran Twp.*, 657 N.E.2d 988, 993 (Ill. 1995). By contrast, Section 2-201 does not cover the performance of ministerial actions. *See In re Chicago Flood Litig.*, 680 N.E.2d 265, 272 (Ill. 1997). A ministerial act is one that is performed on a given state of facts in a prescribed manner, under the mandate of legal authority, without reference to an official's discretion regarding the propriety of the act. *See Snyder*, 657 N.E.2d at 993. Ministerial acts do not involve any sort of judgment or determination but instead involve the execution of a set task that is "absolute, certain, and imperative." *Chicago Flood Litig.*, 680 N.E.2d at 272 (quoting *City of Chicago v. Seben*, 46 N.E. 244, 246 (Ill. 1897)). Immunity, of course, is a defense, and thus the issue before the Court is whether Hogan's complaint itself establishes as a matter of law that statutory immunity bars her negligent training and supervision claim. It does not. Specifically, the Court cannot determine from the complaint alone that Cairo's training and supervision of Smith required both a determination of policy and an

exercise of discretion. Though both often are involved in supervising employees, this is not enough to require dismissal. Rather, the complaint must "set forth everything necessary to satisfy [an] affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Louis*, 411 F.3d 838, 842 (7th Cir. 2008). *See also Patton v. Chicago Heights*, No. 09 C 5566, 2010 WL 1813478, at *3 (N.D. Ill. May 3, 2010) (noting that "while intuitively, it would seem that the training of police officers would require discretion and involve policy determinations, cases are not to be decided on the basis of intuition"). The act of training and supervision in question could easily be ministerial rather than discretionary, and Cairo and Smith do not point to any allegations in the complaint to contradict this possibility. Count V of Hogan's complaint withstands dismissal on the pleadings pursuant to Rule 12(b)(6)..

To conclude, Defendants' motion to dismiss (Doc. 9) is **GRANTED in part** and **DENIED in part**. Defendants' motion to dismiss is **GRANTED** as to Count I and Count III of Hogan's complaint, and Count I and Count III of Hogan's complaint are **DISMISSED with prejudice**. Defendants' motion to dismiss is **DENIED** as to Count II, Count IV, and Count V of Hogan's complaint.

**IT IS SO ORDERED.**

DATED: April 25, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge